Dear Mr. Ponder:
You requested the opinion of this office concerning the reassessment of property for ad valorem tax purposes and the establishment of millage rates in Article VII, Section 23 of the Louisiana Constitution. As you stated in your request, in Op.Atty.Gen. 82-758, this office determined that the phrase "but not in excess of the prior year's maximum" found in Article VII, Section 23(C) of the Louisiana Constitution, should be interpreted as referring to the year prior to the last reassessment and not the year prior to which the taxing authority opts to increase its maximum authorized millage.
You advised that the City of Baton Rouge and the Parish of East Baton Rouge have a number of millages for which the roll-forward authority was not exercised subsequent to the 1996 reassessments. Your question is whether Op.Atty.Gen. 82-758 is correct, such that the prior year's maximum for those millages would be 1995, the year prior to the last reassessment?
We have reviewed Op.Atty.Gen. 82-758 and affirm the correctness of the opinion expressed therein, namely, that the phrase "but not in excess of the prior year's maximum" should be interpreted as referring to the year prior to reassessment and not the year prior to which the taxing authority opts to increase its maximum authorized millage. Accordingly, we are of the opinion that in the situation described above, the prior year's maximum would be the rate levied in 1995, the year prior to the last reassessment. See also, Op.Atty.Gen. 93-339, 86-249.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH cc: Legislative Auditor